UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORNA JOHNSON and DOUGLAS BARNES, <br><br> Plaintiffs, <br><br> -vs- <br><br> TIM PAUL; SUSAN MEREDITH; JIM PRUETT; and R. JOHNSON, <br><br> Defendants. | NO. CV-05-0344-LRS <br><br> **ORDER GRANTING FEDERAL DEFENDANTS' AND UNITED STATES' MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO STRIKE** |

**PENDING BEFORE THE COURT** without oral argument are Defendants' Motion to Dismiss (Ct. Rec. 5) and Plaintiffs' Motion to Strike (Ct. Rec. 7).

On October 31, 2005, plaintiffs' filed a complaint alleging twenty-one claims against the defendants, individual Internal Revenue Service (IRS) employees for "violations of IRS collection practices guidelines" , including the filing of a notice of a federal tax lien. Complaint (Ct. Rec. 1) at 2.  Plaintiffs seek compensatory damages in the amount of one million dollars.  Complaint at 8. Defendants now seek dismissal of the plaintiffs claims asserting the defenses of lack of personal and subject matter jurisdiction, failure to exhaust administrative remedies and failure to state a claim.

ORDER - 1

## I. PLAINTIFFS' MOTION TO STRIKE

Plaintiffs move the court to strike the motion filed by the federal defendants arguing essentially that defense counsel has filed a frivolous pleading and he is "an interloper to this cause."

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion or a response to a motion, however, is not a "pleading" as contemplated by the Federal Rules. See Fed.R.Civ.P. 7 (listing types of pleadings allowed). Thus, "only pleadings are subject to motions to strike" filed pursuant to Rule 12(f). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Accordingly, plaintiffs' motion to strike the defendants' motion is inappropriate. Furthermore, the Court sees no other possible basis for striking defendants' motion. Plaintiffs' Motion to Strike (Ct. Rec. 7) is **DENIED**.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Legal Standard

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 1, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). The Court must construe all the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be

ORDER - 2

proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**B. Motion to Dismiss Individual Defendants and for Substitution of the United States as the Proper Defendant**

The plaintiffs have named individual IRS employees as defendants in this matter. A cause of action for damages based on alleged unconstitutional conduct may be maintained against federal officials pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389-90, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However to the extent plaintiffs' complaint can be broadly construed to request relief appropriate in a *Bivens* action against the individually named defendants, the Ninth Circuit has foreclosed that opportunity. *Adams v. Johnson,* 355 F3d 1179, 1186 ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that Bivens relief is unavailable for plaintiffs' suit against IRS auditors and officials.").

To the extent that the defendants named in the Complaint are sued because of action taken by Internal Revenue Service employees in their official capacities, the United States would ordinarily be entitled to be substituted as the proper party defendant. Such a suit is a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see also Ferrel v. Brown*, 847 F.Supp. 1524, 1526

ORDER - 3

(W.D.Wash.1993), aff'd, 40 F.3d 1049 (9th Cir. 1994). Furthermore, this action was filed seeking civil damages under IRS Code Section 7433 for unauthorized collection action by the IRS. No such action may be maintained against an individual officer or employee of the United States. Rather, a civil action for wrongful levy or for civil damages for unauthorized collection must be maintained against the United States in a district court of the United States. 26 U.S.C. §§ 7426, 7433.

Under Fed.R.Civ.P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Because this action is against defendants in their official capacities, the individually named federal defendants must be dismissed from this action, and the United States substituted as the proper defendant. For purpose of the Court's consideration of the defendants' present motion, the Court will construe the plaintiffs claims as against the United States.

**C. Motion to Dismiss United States**

The Court has concluded the only proper defendant in this action is the United States. Nonetheless, plaintiffs have failed to state a claim against the United States.

**1. Federal Tort Claims Act**

The allegations of extortion and conspiracy in the plaintiffs' complaint sound in tort. However, the Federal Tort Claims Act specifically excludes claims based upon the performance of a discretionary function by a government officer and claims arising with

ORDER - 4

respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c). *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Accordingly, as plaintiffs claims fall within this exception to the FTCA, this suit is barred by sovereign immunity and is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

**2. 26 U.S.C. § 7433**

26 U.S.C. § 7433 is the exclusive statute under which plaintiffs have brought and could bring an action against the United States, but plaintiffs have failed to sufficiently plead facts that withstand defendants' motion to dismiss. Plaintiffs have failed to show that they have exhausted the administrative remedies required by 26 U.S.C. § 7433(d). While they argue in their response that they did exhaust their administrative remedies as evinced by their July 25, 2005 and August 29, 2005 correspondence with various IRS officials, this correspondence does not equate to exhaustion of remedies. There is no evidence that plaintiffs filed any administrative claim(s) under Treasury Regulation § 301.7433-1(e).

Therefore, under Fed.R.Civ.P. 12(b)(6), plaintiffs have failed to state a claim against the United States upon which relief can be granted.

**III. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Strike (Ct. Rec. 7) is **DENIED**.

2. Defendants' Motion to Dismiss is **GRANTED**. The above-entitled action shall be dismissed with prejudice and without the assessment of

ORDER - 5

1  costs.

2     The District Court Executive is directed to file this Order, **ENTER**
3  **JUDGMENT** in favor of the individually named defendants' and substituted
4  defendant, the UNITED STATES OF AMERICA, provide copies to the parties,
5  and **CLOSE THE FILE**.
6     **DATED** this 21st day of March, 2006.
7
8                    *s/Lonny R. Suko*
                   _____
9                        LONNY R. SUKO
                   UNITED STATES DISTRICT JUDGE

ORDER - 6